**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4754

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CESAR CAICEDO,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:05-cr-00354-JAB)

Submitted:  November 20, 2007       Decided:  November 28, 2007

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. James Payne, POWELL & PAYNE, Shallotte, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Caicedo appeals from his conviction and 60-month sentence imposed following his guilty plea to conspiracy to distribute cocaine. Caicedo's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issues requested by Caicedo, but stating that there was no merit to the appeal. Caicedo filed a pro se brief asserting that the search that uncovered the cocaine was unlawful, there was insufficient evidence to support his conviction, the plea agreement was invalid, and counsel was ineffective. Our review of the record discloses no reversible error; accordingly, we affirm Caicedo's conviction and sentence.

We find that Caicedo's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11, during which Caicedo was assisted by an interpreter. Caicedo was properly advised of his rights, the offense charged, and the mandatory minimum and maximum sentences for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). Because Caicedo knowingly and voluntarily pled guilty, he cannot now challenge the validity of the consensual search of the vehicle in which the cocaine was discovered. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (defendant who

enters guilty plea waives right to raise constitutional challenge to conviction); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Caicedo argues that counsel was ineffective for failing to investigate, failing to move to suppress the evidence, and for advising him to plea guilty. Claims of ineffective assistance of trial counsel are not cognizable on direct appeal unless such ineffectiveness conclusively appears from the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, such claims should be raised, if at all, in a proceeding under 28 U.S.C. § 2255 (2000). Because the record does not conclusively establish that counsel provided ineffective assistance, we decline to consider the merits of this issue on direct appeal.

We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 60-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed—which was within the properly calculated guideline range—was reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), cert. denied, 126

S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within guideline sentence). Accordingly, we affirm Caicedo's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Caicedo's conviction and sentence. Counsel's motion to withdraw as counsel is denied at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED